EASTERN DIS.
May, 1841·

DUFOUR
vs.
BEAUREGARD
ET AL.

---

## DUFOUR vs. BEAUREGARD ET AL.

APPEAL FROM·THE PARISH COURT FOR THE PARISH· AND CITY OF

NEW ORLEANS.

A power of attorney with a clause " to make and endorse promissory notes in her name, &c.," is clearly sufficient to authorize the *endorsement* of her name and she is bound by it.

This is an action on a promissory note signed by B. Beauregard and endorsed " Therese Palmer, per pro. A. W. L. Palmer."

The defendants severed in their answers. Beauregard ad-·· mitted his signature but averred he never received any consideration, and that the note was given to A. W. L. Palmer, for the benefit of Therese Palmer; with the understanding that they were to pay it.

Therese Palmer pleaded a general denial and averred she was a married woman and not capable of contracting; and further that the note sued on was not endorsed by her.

On these issues the case was tried.

The plaintiff made proof of the execution of the note; and produced a power of attorney from Mrs. Palmer, separated in property from her husband, to him, authorizing him to transact and manage her business, and especially to *endorse* her name upon individual notes and bills of exchange, &c.

There was judgment for the plaintiff and the defendant, Therese Palmer, appealed.

EASTERN DIS.
*May*, 1841.

DUFOUR
*vs.*
BEAUREGARD
ET AL.

*Canon*, for the plaintiff.

*Grymes*, for the defendants.

*Simon, J.* delivered the opinion of the court.

The defendant, Therese Palmer, is sued as endorser of a promissory note, which is shown to have been endorsed by he husband as her agent. Her said husband is also made a party to this suit.

She first pleads the general issue, and avers that the note sued on was not endorsed by her, nor by any one authorized by her to do so. There was judgment in the court below for the plaintiff, and she appealed.

From the production of a power of attorney, passed on the 14th of Octoher, 1836, it appears that the defendant being separated in property from her husband, constituted and appointed him her attorney in fact, general and special, for the purpose of conducting, managing and transacting her affairs, business or concerns of whatever nature; and among other powers, to make and *endorse promissory notes* in her name, &c. This is clearly a sufficient authorization; and in the absence of any other defence, we must conclude that she is bound by the endorsement executed by her husband in her name.

It is therefore ordered, adjudged and decreed that the judgment of the Parish Court be affirmed with costs.